```
                                          U.S. DISTRICT COURT
                                          DISTRICT OF VERMONT
         UNITED STATES DISTRICT COURT              FILED
                 FOR THE
           DISTRICT OF VERMONT            2016 OCT 27  PM 3: 05

                                          BY_____
UNITED STATES OF AMERICA,      )              DEPUTY CLERK
                               )
                               )
                               )  Crim. No. 5:16-cr-146
          v.                   )
                               )  (18 U.S.C. § 1343)
DANIEL BURGESS                 )
          Defendant.           )
```

## INDICTMENT

The grand jury charges:

1. At all times material to this indictment, the defendant DANIEL BURGESSS was a Vermont resident who lived in Stowe. BURGESS was the sole shareholder and chief executive officer of Tucker Financial Services, Inc. ("TFS"). TFS engaged in the business of buying and selling securities. Neither BURGESS nor TFS was registered as a broker-dealer or an investment advisor with Vermont's Department of Financial Regulation.

2. At all times material to this indictment, Sharon Wranosky was a resident of Nevada. Wranosky owned Infinity International Holdings, LLC. ("IIH").

3. At all times material to this indictment, Respect Your Universe, Inc. ("RYU") was a company which manufactured and sold

1

sports apparel. Shares of RYU stock were not traded on a stock exchange, but in over-the-counter transactions.

4. By 2011, Wranosky and IIH together owned 500,000 shares of RYU stock. Wranosky had bought and additional 20,000 RYU shares for the benefit of a daughter. In July 2011, Wranosky and BURGESS entered into a written agreement concerning Wranosky's desire to sell her RYU stock. Under the terms of the contract, Wranosky agreed to consign to Tucker Financial Services her 520,000 shares of RYU stock. TFS agreed to use its "best efforts, to obtain the highest price/market price for said Shares." Wranosky would receive 80% of the proceeds from sales of RYU shares and TFS would receive the remaining 20%. TFS was responsible for paying all fees and commissions incurred in such sales.

5. Between August 10, 2011 and October 31, 2011, BURGESS sold all of Wranosky's RYU stock for a total purchase price of $619,696.54. All of the proceeds from these sales, less commissions, were deposited into an account BURGESS maintained for TFS at BMA Securities, Inc. Shortly after each sale, BURGESS transferred most of the sale proceeds to an account he maintained for TFS at Wells Fargo Bank.

6. Under the terms of his agreement with Wranosky, BURGESS was obligated to pay Wranosky $495,757.23 as her 80%

share of the sale proceeds.  TFS was entitled to retain $123,939.31 as its fee.  Between August 31, 2011 and February 8, 2012, BURGESS caused TFS to transfer to Wranosky $246,788.92 as partial payment for the sales of RYU stock.  BURGESS failed to pay Wranosky the remaining $248,968.31 he owed her.  Instead, he fraudulently converted the money to his own use and benefit.

## COUNT 1

7. On or about the dates listed below, in the District of Vermont and elsewhere, the defendant DANIEL BURGESS, having devised the above-described scheme and artifice to defraud and for obtaining money from Sharon Wranosky and Infinity International Holdings, LLC by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate commerce, between Vermont and locations outside Vermont, the following writings, signs and signals:

| APPROXIMATE DATE | TRANSMITTED MATTER |
| --- | --- |
| October 28, 2011 | $760 electronic payment |
| October 28, 2011 | $5000 transfer |
| October 28, 2011 | $15,000 transfer |
| November 8, 2011 | $640 electronic payment |
| November 15, 2011 | $820 electronic payment |
| November 18, 2011 | $1002.50 ATM withdrawal |
| November 22, 2011 | $840 electronic payment |
| January 18, 2012 | text message |
| January 31, 2012 | text message |
| February 20, 2012 | text message |
| February 21, 2012 | text message |
| February 22, 2012 | text message |

(18 U.S.C. §§ 1343 & 2)

## FORFEITURE NOTICE

8.  The allegations of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

9.  Upon conviction of the offense charged in Count 1 in violation of 18 U.S.C. § 1343, the defendant DANIEL BURGESS shall forfeit to the United States any property which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such violation. The property to be forfeited includes, but is not limited to, the following:

   (a) United States funds in the amount of $248,000 obtained as a result of the violation.

10. If any of the property described above, as a result of any act or omission of the defendant:

1)  cannot be located upon the exercise of due diligence;

2)  has been transferred or sold to, or deposited with, a third party;

3)  has been placed beyond the jurisdiction of the court;

4)  has been substantially diminished in value; or

5)  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

(18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c))

A TRUE BILL

_____
FOREPERSON

*Eric S. Millan*
_____
ERIC S. MILLER (GLW)
United States Attorney

Burlington, Vermont
October 27, 2016