UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 JUN 21  AM 9: 09

BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:16-cr-146-1 |
| | ) | |
| DANIEL BURGESS | ) | |

## OPINION AND ORDER ON MOTION TO DISMISS
### (Doc. 16)

Defendant Daniel Burgess is charged with a single count of wire fraud in violation of
18 U.S.C. § 1343.

The indictment alleges that he is the sole shareholder and chief executive officer of
Tucker Financial Services, Inc. ("TFS"). (Doc. 1 ¶ 1.) Sharon Wranosky and a company she
owned, Infinity International Holdings, LLC ("IIH"), consigned 520,000 shares of stock in a
sports apparel company called Respect Your Universe, Inc. to TFS for sale. (*Id.* ¶ 4.) Under the
terms of a written contract, TFS would receive 20% of the sales proceeds. The balance would be
returned to Ms. Wranosky. (*Id.* ¶ 4.)

TFS was successful in selling the shares between August 10 and October 31, 2011 for a
total of $619,696.54. (*Id.* ¶ 5.) Although TFS was obligated to pay Wranosky $495,757.23, she
received only $246,788.92 in transfers authorized by Defendant. (*Id.* ¶ 6.)[1]

The indictment follows the language of the wire fraud statute in alleging:

- a scheme and artifice to defraud

- devised by the defendant to obtain money from Ms. Wranosky and IIH

---

[1]  Although it is legally irrelevant to the motion to dismiss, the court notes that the facts
outlined above are not contested by the defendant. (*See* Defendant's Motion to Dismiss and
Memorandum in Support, Doc. 16, at 8–11.)

- by means of materially false and fraudulent pretenses, representations and promises

- transmitted through 12 identified wire communications in interstate commerce

- for the purpose of executing the scheme and artifice.

(*Id.* ¶ 7.)

## ANALYSIS

### I.    Motion to Dismiss Standard

Federal Rule of Criminal Procedure 12(b)(3) identifies specific defenses, objections and requests which must be raised by the defendant before trial if possible.  These include the defenses of lack of specificity of the indictment and failure to state an offense.  Both are raised here, together with a claim of time-bar.

In ruling on a motion to dismiss, the court must accept the allegations of the indictment as true.  "Although Rule 47 permits affidavits in support of motions, neither it nor Rule 12 was intended to permit 'speaking motions,' that is, motions that require consideration of facts outside the pleadings.  Were the rule otherwise, the truth of the allegations could be challenged by affidavit, and the pretrial motion could be turned into a trial of the general issue."  Charles Alan Wright, et al., 1A Federal Practice & Procedure § 194 (4th ed. 2017).

Although the defendant has attached multiple documents in excess of 600 pages as exhibits to his motion, the court is not permitted to rely on this proffered evidence to rule on whether the indictment is sufficiently specific or whether it states a crime or, for that matter, whether the charge is filed within the statute of limitations.  The court's review is limited to the language of the indictment as returned by the grand jury. *United States v. Alfonso*, 143 F.3d 772, 776–77 (2d Cir. 1998).

## II.    Failure to State an Offense

Defendant contends that the indictment fails to allege the element of intent.  He argues that there is no allegation that he intended to defraud Ms. Wranosky when he entered into the consignment agreement (Doc. 16 at 17); that an intent to defraud must be present at the time of contract formation (*id.* at 18); that there is no allegation that he had knowledge of the investment business superior to his alleged victims (*id.* at 22); that he had no duty to disclose his lack of experience (*id.* at 24); and that the "evidence only shows a defendant struggling to balance the interest of constituencies of the corporation during an economically challenging time" (*Id.* at 26).

### A.    Contemporaneous Intent

The wire fraud statute contains no "contemporaneous" element requiring an allegation in the indictment that the defendant had the requisite intent to defraud at the time he first entered into a business transaction with the alleged victim.  Many business relationships may start out with the best intentions and may later descend into fraud.  An embezzler, for example, may have no intention of stealing from another when she initially assumes executorship of an estate. *United States v. Altman*, 48 F.3d 96, 98, 101 (2d Cir. 1995) (executor of estates embezzled funds in order to finance a theater production months after being entrusted as a fiduciary); *United States v. Young*, 955 F.2d 99, 101 (1st Cir. 1992) (executor of estate embezzled funds fifteen years after being entrusted as a fiduciary).  In the context of this case, there is no requirement that the government prove that Defendant entered into the consignment contract with the intent of fraudulently withholding payment from Ms. Wranosky.  That may or may not be the proof at trial.  But for purposes of testing the indictment under the limited review afforded by Rule 12, it is legally sufficient that the indictment alleges that the defendant devised a scheme to defraud and took steps to execute it through wire communications between October 28, 2011 and

3

February 22, 2012. *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975) ("[A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.")  The intent element is a specific intent to deceive the victim.  There is no statutory requirement that the defendant develop the necessary intent to defraud at any particular time, except that the intent must be present by the time of the wire communications. *See e.g., United States v. Wallach*, 935 F.2d 445, 461 (2d Cir. 1991) ("The essential elements of a mail fraud violation are (1) a scheme to defraud, (2) money or property, and (3) use of the mails to further the scheme.")

### B.    Superior Business Knowledge

It is not an element of wire fraud that the defendant have superior knowledge or business acumen.  Similarly, it is not a defense that the victim was a sophisticated investor.  These factors may be present at trial and may bear on the inference of intent from the actions of the parties, but whether Defendant or Ms. Wranosky knew more about investing in general or about this particular transaction has no bearing on whether the government has alleged an intent to deceive.

### C.    Duty to Disclose Lack of Experience

Similarly, it is not an element of the wire fraud offense that the defendant withhold any particular type of information about himself.  Holding oneself out as a person with special expertise in investment when that is untrue may be a false statement and may support the government's burden of proof, but it is not a prerequisite for a conviction.  The indictment does not allege any failure to disclose.  The theory of the indictment is much simpler:  Defendant wrongfully withheld funds due to Ms. Wranosky and did so with fraudulent intent and through the use of wire communications.  Whether he was an amateur or a seasoned professional in the world of penny stocks—and whether he advised Ms. Wranosky about his prior experience—is irrelevant to the narrow determination of the sufficiency of the indictment.

**D.      Economic Duress**

In making this final argument, Defendant makes it clear that the motion to dismiss is a rehearsal of his potential position at trial. He argues that adverse business developments—not an intent to defraud Ms. Wranosky—caused TFS to fail to complete payment. The court cannot rule on the truth—or not—of this claim. It goes primarily to the presence of specific intent to deceive and to some extent also to the presence of a fraudulent scheme or device. It would be completely inappropriate for the court to examine exhibits and various submissions, untested in any adversary proceeding, to try to decide whether the government has enough evidence to meet its burden of proof at trial or, alternatively, whether Defendant has a valid defense to the merits.

**III.    Specificity**

The defense conflates two issues in complaining that the indictment lacks specificity. These are sufficiently specific pleading (an appropriate issue under Rule 12(b)) and a lack of disclosure of information through discovery (a separate issue). Specificity concerns notice to the defendant of sufficient facts to enable him to develop a defense. *Alfonso*, 143 F.3d at 776; *United States v. Carrier*, 672 F.2d 300, 303 (2d Cir. 1982). Here, the indictment places the defendant on notice of the elements of the offense and the specific transaction and other facts which the government will seek to prove at trial.

Any dispute concerning the timing and scope of discovery is not identified in the motion with any particularity, and the court makes no ruling on the adequacy of the government's discovery disclosures.

**IV.    Statute of Limitations**

For purposes of the motion to dismiss, the court is limited to the allegations in the indictment. These include 12 wire communications, all alleged to have occurred within the 5-year period established by 18 U.S.C. § 3282. That is sufficient for the motion to dismiss.

*United States v. Tadros*, 310 F.3d 999, 1006 (7th Cir. 2002); *United States v. Eisen*, 974 F.2d 246, 263 (2d Cir. 1992) ("[S]tatute of limitations in a mail fraud case runs from the date of the charged mailing, notwithstanding that the defendant's actions concerning the scheme to defraud occurred before the statutory period.") *United States v. Mason*, 479 F. App'x 397, 398 (2d Cir. 2012) ("In order for the wire fraud prosecution to be timely, there must have been at least one use of the interstate wires within the applicable limitations period that was 'for the purpose' of executing the fraudulent scheme.") At trial, the government will have the burden of proving to the jury that the offense continued into the five-year period and was filed timely. *See Smith v. United States*, 133 S. Ct. 714, 721 (2013) ("To be sure, we have held that the Government must prove the time of the . . . offense if a statute-of-limitations defense is raised."). But this is not an issue which the court can resolve in the absence of fact-finding and on the face of the indictment alone. *See United States v. Perez*, 575 F.3d 164, 166–67 (2d Cir. 2009).

## Conclusion

Defendant's Motion to Dismiss (Doc. 16) IS DENIED.

Dated at Rutland, in the District of Vermont, this 21 day of June, 2017.

Geoffrey W. Crawford, Judge
United States District Court